IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK BEBOUT,              )
                          )
        Plaintiff,        )
                          )
    -vs-                  )   Civil Action No. 17-667
                          )
                          )
NANCY A. BERRYHILL,[1]    )
COMMISSIONER OF SOCIAL SECURITY, )
                          )
        Defendant.        )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting in part and denying in part Plaintiff's Motion for Summary Judgment (ECF No. 12) and granting in part and denying Defendant's Motion for Summary Judgment. (ECF No. 14).

**I.      BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits pursuant to the Social Security Act. Plaintiff filed his application alleging he has been disabled since March 15, 2010. (ECF No. 8-8, p. 2). Administrative Law Judge ("ALJ"), Leslie Perry-Dowdell, held a hearing on February 5, 2014. (ECF No. 8-3). On December 9, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 21-33).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14).

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

2

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Weighing Opinion Evidence as it relates to the Residual Functional Capacity ("RFC") [2]

Plaintiff argues that the ALJ erred in the weighing of the opinion evidence in formulating his RFC. (ECF No. 13, pp. 6-8). Specifically, Plaintiff submits that the ALJ gave significant weight to the opinion of the non-examining medical consultant, Dr. Brentzel, but did not include all of Dr. Brentzel's restrictions in his RFC. *Id.* As such, Plaintiff submits that remand is warranted.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

3

professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009). Additionally, I note that state agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)....").

In this case, the ALJ discussed the opinion of Dr. Brentzel, the state agency

psychological consultant. (ECF No. 8-2, pp. 30-31).

> [She] opined that the claimant had marked limitations in his ability to understand, remember and carry out detailed instructions and moderate limitations in his ability to remember locations and work like procedures, maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, work in coordination with or in proximity to others without being distracted by them, make simple work-related decisions, complete a normal workday and workweek without interruptions from psychologically based symptoms, perform at a consistent pace without an unreasonable number and length of rest periods, interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, respond appropriately to changes in the work setting and set realistic goals or make plans independently of others. She further opined that the claimant could perform simple, routine, repetitive work in a stable work environment, make simple decisions and perform work activities without special supervision.

*Id.* The ALJ gave significant weight to the opinion of Dr. Brentzel because "it is generally consistent with the evidence of record" except the ALJ noted "that the claimant's treating provider found that his concentration and attention was intact as opposed to the onetime finding of the consultative examiner that it was somewhat limited." (ECF No. 8-2, p. 30-31). Plaintiff argues that because the ALJ gave Dr. Brentzel's opinion significant weight, the above mentioned limitations should have been accounted for in the RFC. (ECF No. 13, pp. 6-8).

The ALJ found that Plaintiff has the RFC to perform light work except that he could lift up to 20 pounds occasionally and 10 pounds frequently, he could stand and walk for about 6 hours and sit for about 6 hours in an 8-hour workday with normal breaks, his work would be limited to routine repetitive tasks performed in a stable work environment where the work place and work processes stayed the same from day to day, his work would be isolated from the public and he would only take instructions or redirection from a supervisor where no immediate response was required unless clarification was necessary. (ECF No. 8-2, pp. 25-26). Plaintiff submits that the ALJ's RFC falls short of that since it only addresses the mental limitations as being for unskilled work, few workplace changes, isolated from the public, and limited dealing with supervisors. (ECF No. 13, p. 6). More to the point, Plaintiff submits that the ALJ's opinion fails to address

5

any of the moderate limitations found by Dr. Brentzel in the area of remembering locations and work-like procedures; performing activities within a schedule; maintaining regular attendance; being punctual within customary tolerances; getting along with co-workers or peers without exhibiting behavioral extremes; completing a normal workday or workweek without psychologically based interruptions; and performing at a consistent pace without an unreasonable number and length of unscheduled breaks. *Id.* at p. 7. Plaintiff does not suggest that the RFC has to be a word for word match but that it does have to incorporate the restrictions to which he gave great weight. *Id.*

After a review of the record, I agree. Certainly, the ALJ is not required to accept Dr. Brentzel's opinions at all, much less do so wholesale. An ALJ, however, must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). To that end, an ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000). "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett,* 220 F.3d at 121-122*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981). Without the same, a reviewing court cannot make a proper determination of whether the ALJ's decision is based on substantial evidence. *Id.*

Here, the ALJ failed to articulate why she gave significant weight to the opinion of Dr. Brentzel but did not account for all of the limitations opined by her in the RFC. The failure to provide an explanation prohibits me from conducting a proper and meaningful review. Therefore, I find the ALJ erred in this regard. Consequently, remand is warranted on this issue.

6

## C. Severe Impairments

Plaintiff further argues that because the ALJ found he had certain "severe" impairments (Crohn's disease), the ALJ was required to make an accommodation for that impairment in the RFC. (ECF No. 13, pp, 8-9). *Id.* I disagree. "[S]uch a presumption would conflict with the regulatory scheme for determining whether a claimant is disabled, under which the determination of whether a claimant is severely impaired precedes a separate determination of whether the claimant, despite his severe impairment, retains the [residual functional capacity] to perform substantial gainful activity." *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). Thus, just because an impairment is found to be severe does not mean necessarily that it erodes a plaintiff's RFC. *Franklin v. Astrue*, No. 10-CV-02532-PAB, Civ No. 10-cv-2532, 2012 WL 1059995, at *3 (D. Colo. Mar. 28, 2012) ("Simply because plaintiff established a 'severe impairment' which only 'requires a de minimis showing of impairment,' does not necessarily require that the ALJ conclude that the impairment materially erodes plaintiff's RFC."). In this case, the ALJ discussed and thoroughly considered Plaintiff's Crohn's disease in her discussion of the RFC. (ECF No. 8-2, pp. 25-31). Thus, I find the ALJ properly reviewed the same. Consequently, I do not find that remand on this basis is warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK BEBOUT, )
)
    Plaintiff, )
)
-vs- ) Civil Action No. 17-667
)
)
NANCY A. BERRYHILL,[3] )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 10th day of July, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 12) is granted in part and denied in part and Defendant's Motion for Summary Judgment (ECF No. 14) is granted in part and denied in part.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                  BY THE COURT:

                                  s/ Donetta W. Ambrose
                                    Donetta W. Ambrose
                                    United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.